# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 21, 2019

**Sheila T. Reiff**
**Clerk of Court of Appeals**

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2016AP1700-CR**

Cir. Ct. No. **2014CF2472**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

  V.

JENIFER A. WILL,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: JOHN W. MARKSON, Judge. *Reversed and cause remanded with directions*.

Before Blanchard, Graham and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   The State appeals a circuit court order suppressing blood draw evidence.  The State argues that the unconscious driver provision in the implied consent law authorized the blood draw or, alternatively, that the police relied in good faith on the provision.  We reject the narrow argument that Will makes on appeal regarding the good faith exception and conclude that the evidence should not have been suppressed because the police relied on the unconscious driver provision in good faith.  We reverse.

¶2    On May 5, 2014, Jenifer Will was involved in a vehicle accident and was transported to the hospital.  At a time when Will was unconscious, an officer read the Informing the Accused form to her and requested that she submit to a blood draw.  The officer ordered the blood draw, and the blood test indicated the presence of controlled substances.  Will was charged with operating a motor vehicle while under the influence of a restricted controlled substance, causing injury as a second or subsequent offense, operating with a restricted controlled substance as a third offense, and two counts of hit-and-run with an attended vehicle.

¶3    Will moved to suppress the blood draw evidence.  She argued that the unconscious driver provision of the implied consent law, which authorizes a warrantless blood draw of an unconscious person upon probable cause to believe the person was driving while intoxicated, is unconstitutional.[1]  Based on her contention that the statute authorizing the blood draw was unconstitutional, she argued that the police were required to obtain a warrant to support the blood draw.

---

[1] Will conceded that the factual predicates under the implied consent law were met, that is, that she was unconscious and that there was probable cause to believe that she was driving while intoxicated.

The State argued that the unconscious driver provision is constitutional and that, if it is not, the good faith exception to the exclusionary rule applied. The circuit court determined that the unconscious driver provision is unconstitutional. Although the circuit court found that "this officer, individually, acted in good faith," it declined to apply the good faith exception to the exclusionary rule and suppressed the blood test result. The State appeals.

¶4 "Generally, in reviewing motions to suppress, we apply a two-step standard of review. First, we review the circuit court's findings of fact, and uphold them unless they are clearly erroneous. Second, we independently review the application of constitutional principles to those facts." *State v. Scull*, 2015 WI 22, ¶16, 361 Wis. 2d 288, 862 N.W.2d 562 (internal citations omitted). "The application of the good faith exception to the exclusionary rule is an issue of law," subject to de novo review on appeal. *Id.*, ¶17.

¶5 "A blood draw conducted at the direction of the police is a search subject to the Fourth Amendment requirement that all searches must be reasonable." *State v. Padley*, 2014 WI App 65, ¶23, 354 Wis. 2d 545, 849 N.W.2d 867. Evidence obtained in violation of a defendant's Fourth Amendment rights may be suppressed under the exclusionary rule to deter future violations. *See Davis v. United States*, 564 U.S. 229, 236-37 (2011). However, the good faith exception to the exclusionary rule may apply if the evidence was obtained based on an officer's objectively reasonable belief that the officer was not violating the Fourth Amendment. *State v. Dearborn*, 2010 WI 84, ¶33, 327 Wis. 2d 252, 786 N.W.2d 97. The good faith exception applies when an officer conducts searches based on objectively reasonable reliance on statutes that are subsequently invalidated. *See Illinois v. Krull*, 480 U.S. 340, 349-55 (1987).

¶6      Wisconsin's implied consent law provides that a driver is deemed to have consented to a blood test if a law enforcement officer properly requests a sample. WIS. STAT. § 343.305(2) (2017-18).[2]   In particular, within the implied consent law, the unconscious driver provision provides that "[a] person who is unconscious ... is presumed not to have withdrawn consent," and that, when there is probable cause to believe that the person has committed a drug- or alcohol-related driving offense, "one or more samples ... may be" obtained from the person. WIS. STAT. § 343.305(3)(b).

¶7      We will assume, without deciding, that Will is correct that the unconscious driver provision is unconstitutional.[3]   With that assumption, we conclude that the good faith exception to the exclusionary rule applies to the undisputed facts before us.   Accordingly, we reverse and remand to the circuit court with directions to deny the suppression motion.

¶8      Here, the officer obtained the warrantless blood draw under WIS. STAT. § 343.305(3)(b) because Will was unconscious and there was probable cause to believe that she had been driving while intoxicated.  The State argues that the officer acted in good faith reliance on the statute.  It argues that the circuit

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] This appeal was previously put on hold pending the United States Supreme Court's decision in *Mitchell v. Wisconsin*, 139 S. Ct. 2525 (2019).  In *Mitchell*, the Court addressed whether a warrantless blood draw from an unconscious driver violated the Fourth Amendment. *Id.* at 2531-33.  However, the Court declined to discuss the constitutionality of the unconscious driver provision of the implied consent law, and instead decided the case based on exigent circumstances. *Id.* at 2551 (Gorsuch, J., dissenting).  We allowed the parties the opportunity to file supplemental letter briefs addressing the application of *Mitchell* to this case.  We need not recite here the history on the constitutionality issue in Wisconsin appellate court opinions.  As explained in this opinion, we agree with the State that we need not address *Mitchell* since the good faith exception applies under the facts here.

4

court erred by holding that it was unreasonable for officers to continue to rely on the unconscious driver provision of the implied consent law following the Supreme Court decision in *Missouri v. McNeely*, 569 U.S. 141 (2013). The State contends that *McNeely* provides that officers may not rely on the rapid dissipation of alcohol in the bloodstream as a per se exigent circumstance authorizing a warrantless blood draw. It contends that *McNeely* did not, however, address the validity of the unconscious driver provision of the implied consent law, or make any statement consistent with a conclusion that the provision is unconstitutional. The State points out that, at the time of the blood draw in this case, no court had found the statute unconstitutional. It contends that officers are entitled to rely on statutes that have not been found unconstitutional, and that they cannot be expected to anticipate that courts in the future may conclude that a statute is unconstitutional.

¶9    Will's argument in response is narrow. She does not dispute the State's factual predicates for application of the good faith exception and does not ask for further fact finding in the circuit court. Instead, she makes a purely legal argument. Will contends that it was not reasonable for the officer to rely on the unconscious driver provision of the implied consent law because the provision conflicts with prior cases prohibiting per se exceptions to the warrant requirement. In particular, she argues that *McNeely*, in 2013, made clear that per se categorical exceptions to the Fourth Amendment in the context of warrantless blood draws are not acceptable.

¶10    We reject the only argument that Will makes on the good faith issue, based on the reasonably understood state of the law in May 2014. We disagree with Will that an objectively reasonable officer would have understood in May 2014—based on *McNeely*'s discussion rejecting sole reliance on the dissipation of

alcohol in the blood as an automatic exigent circumstance—that the unconscious driver provision of the implied consent law was unconstitutional. The *McNeely* Court limited its discussion of how the dissipating nature of blood-alcohol evidence was not, by itself, sufficient to bring blood alcohol concentration testing within the exigency exception, and it did not purport to address the rationale behind the unconscious driver provision. As of May 2014, the unconscious driver provision had been in Wisconsin's statutes for years, and Will fails to direct us to a statement of any Wisconsin court or the United States Supreme Court before May 2014 even suggesting that the provision might be unconstitutional. So far as Will explains her argument, none of the cases that she relies on address, or make reference to significant features of, the unconscious driver provision. It is not objectively reasonable to expect that an officer in May 2014 would have drawn inferences from those cases against the constitutionality of the unconscious driver provision. *See Krull*, 480 U.S. at 349-55. Accordingly, we reverse and remand with directions to deny the suppression motion.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.